The Court’s opinion was delivered by
Txx.ghman C. J.
The agreement was plain and positive, that the defendant might enter into the consideration of the three notes which were in suit in Virginia, in twelve months, and not afterwards ; and it was equally plain, that any judicial proceedings for the investigation of that consideration, ■ were to be instituted by the defendant, because the note on which the present action is founded, being payable at the end of twelve months, no suit could be commenced on it in less than twelve months. The agreement was a fair one. The plaintiff was to withdraw his suits in Virginia, in consideration of which he received a new note, with security, on condition that the defendant should have a reasonable and specified time to shew that the said three notes ought not to have been paid, on shewing which he was to be relieved from the new note. The defendant gave no evidence of his having offered any proof to the plaintiff that the three notes ought not to have been paid, or of his having commenced any judicial proceeding for the purpose of shewing the want of consideration of those notes.—Why then should he be let into evidence on that subject, in this suit, after the time stipulated for that purpose ? Because, says the defendant, it was impossible for me to institute any legal proceeding in the State of Pennsylvania, although it might have been done, if the parties had resided in Virginia, where there is a court of chancery. If there were really an impossibility in the defendant’s maintaining anyjudicial proceeding, and he had done every thing which he ought to have done, and it was in his power to do, towards satisfying the plaintiff that these three notes ought not to have been paid, I should agree with his counsel, that he ought to have been let into the evidence offered in this suit. But although very inconvenient, a judicial proceeding does not appear to have been impossible. The three promissory notes being deposited in a Virginia Court, a suit in chancery might have been instituted there, for the purpose of enquiring into their consideration. It is true that the *239 plaintiff in this suit, who would have been defendant in equity, lived out of the jurisdiction of the Virginia Court of Chancery—but I think it probable, (although I will not assert it,) that by the law of that State, the bill would have been taken pro confesso, if Mr. Duncan, on notice, had refused to appear to it. The note now in suit, having been executed in Virginia, accompanied by the agreement bearing the same date, the parties seem to have looked to the law of Virginia—or at least the defendant took upon himself to find some mode of instituting judicial proceedings within twelve months, to answer his purpose. Whether or not the Courts of Pennsylvania, would have sustained a special action on the case, on Findlay’s shewing that he had offered satisfactory evidence to Mr. Duncan, that the three notes were given without consideration, or that part of the money due on them had been paid, or that there was an off-set as to part, and that he had tendered the residue to the said Duncan, and demanded of him to give up the note on which this suit is instituted, but he had refused to give it up, I will not undertake positively to say*—but I am strongly of opinion, that such a suit might have been supported, if it could be made to appear that the defendant could have no redress in the court of chancery of Virginia. But supposing that the defendant could have had no remedy by judicial proceedings, either in Virginia or this State, (which is putting the matter in the strongest point of view for him,) he ought, in order to have availed himself of the true intent of his agreement, to have gone to the plaintiff within the twelve months, and laid before him the evidence of want of consideration, payment, or off-set. Had he done this, and the matter shewn to the plaintiff had been such as ought in reason to have satisfied him, there would have been a very strong argument for the ■allowance of the same evidence before the Court and jury in this cause, who might have judged whether the plaintiff ought to have been satisfied. But as the matter stands, the defendant ought not to have been let into evidence of the consideration of the three notes, because he had agreed, for good cause, that he would wave all objections founded on want of consideration, and that he would absolutely pay the note on which the present suit was brought, without delay, unless within'twelve months he did certain things which he has not done. I am therefore of opinion, that there was er *240 ror in admitting the evidence, either of the consideration of the three notes sued in Virginia, or of the demand of them from the clerk of the Virginia Court, and his refusal to deijver them, because such demand and refusal were altogether irrelevant.
A second bill of exceptions was taken by the counsel for the plaintiff, on the Court’s refusal to admit in evidence, certain parts of the proceedings in another action between the present plaintiff and the administrators of William. Findlay, deceased.—I think the Court were right in rejecting that evidence. It was offered in so vague and uncertain a manner, that it was really impossible, either for the Court of Common Pleas, or this Court, to know, what it was that the plaintiff intended to prove. Upon the whole I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.