## Commonwealth *v.* Philadelphia Eagles, Inc., Appellant.

Argued November 18, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Philip P. Kalodner,* for appellant.

*Edward T. Baker,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, January 30, 1970:

This is an appeal by The Philadelphia Eagles, Inc., appellant, from the dismissal by the court below of its appeal and specification of objection from the adverse determination of the Board of Finance and Revenue with respect to its Franchise Tax for the calendar year 1962. The appeal to the Court of Common Pleas of

Dauphin County, although admittedly brought timely, was dismissed by the court below because of appellant's failure to file a bond within the time required by statute.

On July 3, 1963 the Department of Revenue settled, and the Auditor General approved, appellant's franchise tax for the year 1962. On May 28, 1964, pursuant to the authority of the Act of April 9, 1929, P. L. 343, Art. XI, §1105, as amended, 72 P.S. §1105, the Department of Revenue, with the approval of the Department of the Auditor General, resettled appellant's 1962 franchise tax. Within the time provided by law, appellant filed a Petition for Review with the Board of Finance and Revenue, and on February 2, 1965 the Board refused the Petition for Review and sustained the prior action. On March 31, 1965 appellant filed its appeal and specification of objections with the Commonwealth Court of Dauphin County, and on April 9 the Commonwealth informed appellant that it was raising new questions and presenting new facts which, if concurred in by the Court, would result in additional tax due.

This appeal centers around the requirements of The Fiscal Code, the Act of April 9, 1929, P. L. 343, §1104, as amended, Act of July 13, 1957, P. L. 838, §14, 72 P.S. §1104 (Supp. 1969) which in part states: "Every such appeal shall be accompanied with a specification of objections to the settlement, resettlement or other decision, as the case may be, and the party appealing, other than the Commonwealth, shall enter sufficient security, before one of the judges of the court of common pleas of Dauphin County, within sixty (60) days next after the filing of the appeal, with the clerk, to prosecute the appeal with effect, to pay all costs and charges which the court shall award, and any sum of money which shall appear by the judgment of the court to be due by such party to the Commonwealth."

As the appeal was filed on March 31, the sixty day period ended on May 30, and the record is clear that as of that date no security had been filed. Appellant, argues, however, that by its conduct the Commonwealth is estopped from raising this issue and that its actions in early and mid-June satisfy the statutory requirements.

The factual background of this argument is as follows. Appellant states that on the 58th day, May 28, it obtained the agreement of the Deputy Attorney General that the Commonwealth would have no objection to the extension until June 15, 1965 of the time for the filing of an appropriate bond or other security. By a letter dated June 2 (after the sixty days had expired) the Commonwealth denied it had agreed to an extension until June 15, but stated, "if the Bond is not filed within a reasonable time, I will be obligated to file a motion to dismiss and quash the appeal." On June 11, appellant forwarded to the Director of the Bureau of Corporation Taxes a check in the full amount of the additional tax resettled by the Commonwealth, $14,985. The Prothonotary then advised appellant that in addition a bond in the amount of $500 for costs was required. On June 15 the Commonwealth wrote appellant stating, "It remains the position of the Commonwealth that a bond, or other security, is necessary to perfect an appeal, even though the principal amount of the tax has been paid. I would, therefore, suggest that such a bond, or other security, be entered immediately in order to comply with the mandatory provisions of the statute." One week later the Commonwealth filed a motion to dismiss because of the failure to file the necessary security, and on June 24 appellant filed a petition for permission to file a cash bond and to dismiss the motion to dismiss. A hearing on the motions and petition was not held until November 9, 1967, and the court, on April 22, 1968,

denied the petition for permission to file the cash bond nunc pro tunc and granted the motion to dismiss. This appeal followed.

It is appellant's first argument that because of its promise of May 28, its letter of June 2 and its letter of June 15, the Commonwealth is estopped from raising this issue because it was appellant's reliance on these statements that caused it not to file proper security within the sixty day period. The difficulty with this position is that it assumes that the Commonwealth has the power to extend the period specified in the statute. No matter what has transpired between the parties the court, *sua sponte,* can raise this issue, and when a statute prescribes a set period for the filing of security, we are not permitted to analyze the conduct of the parties in order to determine whether that period should be extended. The only proper reliance in such a situation is upon the statutory wording, and one party acts at its peril if it places its reliance on the actions or words of anyone or anything else.[1]

We feel that the requirement of posting security places an unreasonable burden on the taxpayer in that it deters some appeals and makes others unnecessarily expensive. The Commonwealth should not be so anxious to place roadblocks in the paths of those who would challenge its determinations. The federal government does not require the posting of such security, and it would not place too great a burden on the Commonwealth if it followed that lead. However, we do not sit to pass on the wisdom of legislation, and we must interpret the statutes as they exist.

Because of our determination that anything done after the sixty day period is ineffective to preserve ap-

---

[1] For a case in which the Commonwealth was held to strict compliance with a statutory time period, see *Commonwealth v. Western Maryland Railway Co.*, 435 Pa. 525, 257 A. 2d 522 (1969).

pellant's rights, it is not necessary to consider any of its other arguments.

Order affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS concur in the result.