381 A.2d 842

**COMMONWEALTH of Pennsylvania**

v.

**N. BARSKY AND SONS, Appellant.**

Supreme Court of Pennsylvania.

Argued May 4, 1976.

Decided Jan. 26, 1978.

14

Kollas & Costopoulos, William C. Kollas, Lemoyne, for appellant.

Paul S. Roeder, Harrisburg, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

ROBERTS, Justice.

Appellant N. Barsky & Sons [Barsky] is disputing a Sales and Use Tax assessment made by the Commonwealth. This

16

liability is covered by a lien of $579,000 filed against appellant by the Commonwealth pursuant to the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 45, § 277, 72 P.S. § 7277 (Supp.1977). Barsky appealed the administrative determination imposing the assessment to the Commonwealth Court under 72 P.S. § 7255. The Commonwealth Court ordered appellant to file an additional $200,000 bond as a condition of prosecuting the appeal, relying upon the Fiscal Code, Act of April 9, 1929, P.L. 343, § 1104(b), as amended, 72 P.S. § 1104(b) (Supp.1977). Section 1104(b) provides:

"Except when all tax, interest and penalty due with respect to the appeal has been paid, the party appealing, other than the Commonwealth, shall enter sufficient security, before the Commonwealth Court within sixty (60) days next after the filing of the appeal to prosecute the appeal with effect, to pay all costs and charges which the court shall award, and any sum of money which shall appear by the judgment of the court to be due by such party to the Commonwealth."

Barsky appealed to this Court the order requiring bond, asking that it be allowed to pursue the appeal in the Commonwealth Court upon the posting of nominal bond.[1]

We hold that Barsky may pursue its appeal upon posting of nominal bond, but that nominal bond should not stay execution of the Commonwealth's lien.[2]

We recognized the burdensome nature of this appeal bond requirement in *Commonwealth v. Philadelphia Eagles, Inc.*, 437 Pa. 25, 29, 261 A.2d 309, 311 (1970). We should therefore interpret the security requirement of 72 P.S.

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1977).

2. Barsky raises before us three constitutional issues which we need not decide: (1) a claim that 72 P.S. § 1104 denies it a right to appeal, see Pa.Const. art. V, § 9; (2) a claim that the bond procedure allows the Commonwealth to take property—the disputed assessment—without due process of law; (3) a claim that the bond requirement

§ 1104(b) to be no more burdensome than is necessary to secure the Commonwealth.

■ The bond requirement is not an explicit condition of the right to appeal. Therefore we should treat the requirement not as a condition to appeal, but as a condition to a stay of the order of the administrative agency from which the appeal is taken.

■ Under the new Rules of Appellate Procedure, not in effect at the time Barsky appealed to the Commonwealth Court but nonetheless persuasive, failure to file this bond does not result in dismissal of an appeal: the bond acts merely as a supersedeas. Rules of Appellate Procedure 1782, 5105.

■ Moreover a $579,000 lien against the assets of a small business hinders that business in obtaining a further security bond. To require such a bond would allow the Commonwealth to be doubly secured—by the lien and by the bond—as a condition to appeal, even though the Commonwealth can collect only on the lien if no appeal ensues. The Commonwealth should not be required to delay collection on its lien while appeal is pending unless the taxpayer puts up security in the form of a bond. On the other hand, if there is no supersedeas and the Commonwealth's power to collect on the lien is not interfered with, there is no reason to impose any additional burden on a taxpayer as a condition to exercising the right to appeal.

In *Philadelphia Eagles,* supra, we affirmed the dismissal of a petition to review a Franchise Tax assessment for failure to file a timely bond under 72 P.S. § 1104(b). However, the parties appeared to assume that failure to meet the bond requirement would result in dismissal, and did not present the question to us squarely. The Eagles argued that

violates equal protection. Our disposition of this case upon statutory grounds satisfies the first two of Barsky's constitutional objections. The third issue was not raised in Barsky's petition for nominal bond in the Commonwealth Court and is waived. Such an objection to a statute is not preserved simply because another challenge to it is made. See *Kimmel v. Somerset County Commissioners,* 460 Pa. 381, 384, 333 A.2d 777, 778–79 (1975).

in the particular circumstances of its case, the bond require-
ment had been met; we did not consider the argument that
the bond should act as a supersedeas only and not act as a
condition of appeal. Furthermore, the opinion does not
state whether the Commonwealth had filed a lien against
the Eagles for the tax it claimed, as it has in the instant
case.

We do not agree with the Commonwealth that the
Tax Reform Code of 1971, 72 P.S. § 7241, prevents the
Commonwealth from foreclosing on its lien before the courts
complete action on the taxpayer's appeal. That section deals
with the timing of tax collection while a controversy is
pending before administrative tribunals, or where no appeal
is taken from the administrative agency to the courts.
When review is sought in the courts, the time of tax
collection will be based upon other considerations—in partic-
ular the rules governing supersedeas.

The order of the Commonwealth Court is vacated and the
case remanded for proceedings consistent with this opinion.

MANDERINO, J., filed a concurring opinion in which
NIX, J., joined.

POMEROY, J., dissents.

JONES, former C. J., did not participate in the decision of
this case.

MANDERINO, Justice, concurring.

The only issue before us is whether one can properly be
required to post an appeal bond as a condition to the
exercise of the right to appeal an adverse ruling of the
Board of Finance and Revenue. Section 1104 of the Fiscal
Code, Act of April 9, 1929, P.L. 343, 72 P.S. § 1104 specifies
that,

"(b) Except when all tax, interest and penalty due with
respect to the appeal has been paid, the party appealing,
other than the Commonwealth, shall enter sufficient se-
curity, before the Commonwealth Court within sixty (60)
days next after the filing of the appeal to prosecute the
appeal with effect, to pay all costs and charges which the

court shall award, and any sum of money which shall appear by the judgment of the court to be due by such party to the Commonwealth."

Appellant argues here that Article 5, Section 9 of the Pennsylvania Constitution, guarantees the right to appeal without qualifications. I agree. Article 5, Section 9, states that,

"There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

This constitutional right to appeal is not conditioned, and the courts should not write any burdensome conditions into it. I therefore agree with the majority that the order requiring appellant to post security in the amount of $200,-000 must be reversed.

Because there is no issue before us concerning the effect of the tax liens and the Commonwealth's rights pursuant to any such liens, I express no opinion on the matter; to do so would be merely to express an advisory opinion.

NIX, J., joins in this opinion.