**JOHN WALTERS COAL COMPANY,
Plaintiff,**

v.

**James G. WATT, et al., Defendants.**

**Civ. A. No. 81–129.**

United States District Court,
E.D. Kentucky,
London Division.

Dec. 27, 1982.

---

Randall Scott May, Craft, Barret & Haynes, Hazard, Ky., for plaintiff.

Robert S. More, Sp. Asst. U.S. Atty., Knoxville, Tenn., Jane E. Graham, Asst. U.S. Atty., Louis De Falaise, U.S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM

SILER, District Judge.

This matter is currently before the Court for consideration of the cross motions for summary judgment which have been filed by the parties herein. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 and 30 U.S.C. § 1276. The Court has reviewed this matter and, finding no material issues of fact, is of the opinion that the defendant's motion for summary judgment is appropriate. Rule 56, Fed.R.Civ.P. An appropriate Order will be entered this date.

## FACTS

Facts relevant to this matter are set forth fully in the defendant's memorandum accompanying its motion for summary judgment. They have not been controverted by the plaintiff. On May 27, May 30, and September 2, 1980, authorized representatives of the Secretary of the Interior conducted inspections of the plaintiff's surface mining operations in Knott and Perry Counties, Kentucky, pursuant to 30 U.S.C. § 1252(e). As a result, the plaintiff was issued Notices of Violation 80–2–80–21, 80–2–56–49, and 80–2–80–33, pursuant to 30 U.S.C. § 1271(a)(3), for a total of six violations of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 et seq. On October 16 and November 14, 1980, the plaintiff was issued notices of proposed assessment of civil penalty, pursuant to 30 U.S.C. § 1268(c), informing it that proposed penalties in the amount of $10,940.00 had been assessed for the violations.

The plaintiff requested and received an informal assessment conference for the proposed penalties, pursuant to 30 CFR § 723.-18. This informal conference resulted in a reduction of the original amount of penalties to $7,960.00.

On January 27, 1981, the plaintiff filed petitions for administrative review of the three proposed penalty assessments, pursuant to 43 CFR § 4.1150 et seq. However, the plaintiff did not forward payment of the amount of proposed penalties as required by 30 U.S.C. § 1268(c) and 43 CFR § 4.1152(b). The Administrative Law Judge ordered the petition for review dismissed for failure to comply with the prepayment requirement.

On July 17, 1981, the plaintiff filed petitions for discretionary review of the orders of dismissal, pursuant to 43 CFR § 4.1270. These petitions were denied on August 5 and 18, 1981. Thereafter, this action was commenced.

## ISSUE OF LAW

■ The issue to be determined in this action concerns the constitutionality of the prepayment provision of 30 U.S.C. § 1268(c). This section requires that when the Secretary of the Interior has informed the operator of the proposed amount of a penalty, the person may have thirty days within which to pay in full, or, if the alleged violator wishes to contest either the amount of the penalty or the fact of the violation, he shall forward the proposed amount to the Secretary for placement in an escrow account. Failure to forward the money to the Secretary *shall result in a waiver* of all legal rights to contest the violation or the amount of the penalty. (Emphasis added.)

The Court may not look to the challenged statutory section in the abstract. Constitutionality of this prepayment requirement is to be determined by the reasonableness of the statutory scheme construed as a whole. *United States v. Thompson Bros. Coal Co., Inc.*, 532 F.Supp. 979, 981 (W.D.Pa.1982). The procedures followed by the Secretary in

assessing civil penalties, and the administrative and judicial appeal rights afforded mine operators, are set forth in 30 U.S.C. §§ 1268, 1275–76; 30 CFR §§ 723.1 *et seq.;* and 43 CFR §§ 4.1100, *et seq.* These procedures and appeal rights become applicable whenever a mine operator or permittee is issued a notice of violation or a cessation order under 30 U.S.C. § 1271(a).

Within ten days of service of a notice or order, the permittee may submit written information concerning the violation(s) to the Office of Surface Mining Assessment Office. Any such information must be considered by the Assessment Office in determining whether to assess a civil penalty and how large a penalty to assess. 30 CFR § 723.16(a). Within 30 days of the issuance of the notice or order, the Assessment Office must inform the permittee of its decision to assess a penalty and must serve on the permittee a copy of the proposed assessment. 30 U.S.C. § 1268(c); 30 CFR § 723.-16(b).

Within 30 days of the issuance of any notice or order, the permittee may apply for formal review of the citation under 30 U.S.C. § 1275; 43 CFR §§ 4.1160, *et seq.* The permittee may receive a full, adversarial, evidentiary hearing before an impartial administrative law judge, who reviews the validity of the notice or order and has the power to vacate, affirm, or modify the citation. Temporary relief may be requested under 30 U.S.C. § 1275(c); 43 CFR §§ 4.1260, *et seq.* Appeals to an administrative review board and judicial review rights are also available. 43 CFR §§ 4.1271, *et seq.;* 30 U.S.C. § 1276(a)(2).

Within 15 days of receipt of a notice of proposed assessment of civil penalty, the permittee may request an informal conference to review the amount of the penalty. 30 CFR § 723.17(a). The conference is conducted by an OSM employee who has had no previous connection with the case. Any information presented by the permittee at the conference must be considered by the Assessment Office in deciding whether to affirm, vacate, raise, or lower the penalty. 30 CFR § 723.17(b).

Finally, either within 15 days of the conclusion of the assessment conference (if one has been requested) or within 30 days of receipt of the notice of proposed assessment of civil penalty (if no conference has been requested) the permittee may apply for formal review of both the validity of the citation and the amount of the proposed penalty. 30 U.S.C. § 1268(c); 30 CFR § 723.18; 43 CFR §§ 4.1150, *et seq.* As a precondition of this final administrative remedy only, the permittee is required to pay the amount of the proposed penalty into an escrow account, 30 U.S.C. § 1268(c); 43 CFR § 4.1152. If the permittee succeeds in having the penalty reduced or eliminated in this formal review process, any amount determined not to be owed must be refunded to the permittee with interest. Appeals to an administrative review board and judicial review are available here as well. 43 CFR § 4.1270; 30 U.S.C. § 1276(a)(2).

▪ As set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), the Court must consider the following in determining whether prepayment under the statutory scheme in issue as set forth above constitutes a denial of due process:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional and substitute procedural safeguards, and ... administrative burdens that the additional or substitute procedural requirement would entail.

Obviously, the private interest affected herein is the temporary deprivation of the operator's money. However, should the operator succeed in having the penalty reduced or eliminated, the statute requires the Secretary to remit within thirty days the appropriate amount to the person, with interest. While the Court is aware that under some circumstances, the enforcement of the prepayment requirement "might" force some operators to choose between contesting a violation or staying in business, *see United States v. Thompson Bros. Coal*

*Co., Inc., supra* at 982, this private interest is simply not sufficient to offset the government's interest in collecting these prepayment penalties.

 The Surface Mining Control and Reclamation Act established a broad regulatory framework to ensure that mining practices would not injure agriculture, the environment, or public and safety. *See* 30 U.S.C. § 1201, *et seq.* The Supreme Court has reviewed the extensive legislative consideration of the Act in determining that there was a rational basis for the Act's establishment. *Hodel v. Virginia Surface Mining and Reclamation Association,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981); *see also* H.R.Rep. No. 95–218, 95th Cong. 1st Sess. 85 reprinted in 2 U.S.Code Cong. & Ad.News 593, 621 (1977). As at least one other Court has recently noted,

> The prepayment requirement is [thus] seen to be an appropriate means of discouraging frivolous resort to an additional avenue of delay for the purpose of prolonging the collection process and postponing the painful moment of payment. Past experience, as the legislative history shows, indicated the wisdom of enacting such a provision. 95th Cong., 1st Sess., S.Rep. No. 95–128, 58–59 (1977).

*United States v. Thompson Bros. Coal Co., Inc., supra* at 981 (upholding the constitutionality of § 1268(c)). Furthermore, other courts which have addressed this issue have affirmed the constitutionality of this section. *United States v. Hill,* 533 F.Supp. 810 (E.D.Tenn.1982); *Blackhawk Mining Co. v. United States,* Pikeville Civil No. 79–136 (E.D.Ky.1982) (unpublished opinion). Based upon the consideration of these factors and the individual interests which must be assessed, the Court concludes that the risk of an erroneous determination by the Secretary through the relevant procedures is not to the degree that the Secretary may not require prepayment of the penalties assessed herein. Resolution of this issue renders all other matters raised by the plaintiff moot. Inasmuch as the resolution of this issue is also determinative of the defendant's counterclaim for the assessed penalty of $7,960.00, the motion for summary judg-

ment on the counterclaim for the Secretary will be sustained.