Boyle Land and Fuel Company, Petitioner *v.* Commonwealth of Pennsylvania, Environmental Hearing Board et al., Respondents.

Argued March 13, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*George G. Mahfood,* with him, *Gregg M. Rosen, Rosen & Mahfood,* and *James R. Kelley,* for petitioner.

*Diana J. Stares,* with her, *William F. Larkin,* Assistant Counsels, for respondent, Department of Environmental Resources.

*John G. Knorr, III,* Deputy Attorney General, with him, *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Environmental Hearing Board.

OPINION BY JUDGE MACPHAIL, May 15, 1984:

Boyle Land and Fuel Co. (Petitioner) commenced this action in our original jurisdiction seeking both equitable and declaratory judgment relief. Petitioner's applications for summary relief and for a preliminary injunction have been denied. We now have before us for disposition Petitioner's motion for sum-

mary judgment seeking to declare Section 18.4 of the Surface Mining Conservation and Reclamation Act[1] (SMCRA) and Section 605 of the Clean Streams Law[2] (CSL) unconstitutional. Both sections require persons or municipalities who wish to appeal an assessment of a civil penalty by the Department of Environmental Resources (DER), to deposit the amount of the assessment in an escrow account in the State Treasurer's office or file a surety bond in the amount of the assessment as a condition precedent to the hearing of the appeal by the Environmental Hearing Board (EHB). DER and EHB (Respondents) have filed a cross motion for summary judgment.

On July 22, 1983, DER assessed a $27,000 civil penalty against Petitioner for five violations of various provisions of the SMCRA and CSL. Petitioner was advised in the notice of assessment that it had the right to appeal the assessment to the EHB but would be obligated to follow the appeal provisions of the SMCRA and CSL, including the deposit or surety bond.[3] On July 29, 1983, Petitioner filed a notice of

[1] Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §1396.22.

[2] Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.605.

[3] Section 18.4 of the SMCRA, 52 P.S. §1396.22 states in pertinent part:

The person or municipality charged with the penalty shall then have thirty (30) days to pay the proposed penalty in full or, if the person or municipality wishes to contest either the amount of the penalty or the fact of the violation, forward the proposed amount to the secretary for placement in an escrow account with the State Treasurer or any Pennsylvania bank, or post an appeal bond in the amount of the proposed penalty, such bond shall be executed by a surety licensed to do business in the Commonwealth and be satisfactory to the department.

Section 605(b)(1) of the CSL, 35 P.S. §691.605(b)(1) states in pertinent part:

The person or municipality charged with the violation shall then have thirty days to pay the proposed penalty in full,

appeal with the EHB and its petition for review with this Court, requesting this Court to declare that the bond requirement is unconstitutional because it violates the unfettered right of appeal under Article V, Section 9 of the Pennsylvania Constitution and violates due process rights under Article I, Section 11 of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Petitioner subsequently amended the petition for review stating additionally that the bond requirement unduly burdens the right to an administrative hearing under Section 504 of the Administrative Agency Law[4] (AAL) and the right to judicial review under Sections 701 and 702 of the AAL.[5]

After this Court on September 29, 1983, denied Petitioner's motion for summary relief and petition for preliminary injunction, Petitioner filed with the DER a $27,000 surety bond in order to perfect its appeal with the EHB.[6] This Court must now decide whether either party is entitled to summary judgment. There appears to be no factual dispute.

Of course, the requirement of bonds to secure the amount of anticipated delayed damages and costs pending the final disposition of an appeal are not un-

---

or if the person or municipality wishes to contest either the amount or the fact of the violation, to forward the proposed amount to the department for placement in an escrow account with the State Treasurer or any Pennsylvania bank, or post an appeal bond in the amount of the proposed penalty, such bond shall be executed by a surety licensed to do business in the Commonwealth and be satisfactory to the department, and thereafter to file an appeal to the Environmental Hearing Board within the same thirty day period.

[4] 2 Pa. C. S. §504.

[5] 2 Pa. C. S. §§701 and 702.

[6] Petitioner and DER previously stipulated that Petitioner had the financial capacity to post the security to perfect its appeal from DER's civil penalty.

common in Pennsylvania. *See, e.g.,* Section 1008 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* added by Section 19 of the Act of June 1, 1972, P.L. 333, 53 P.S. §11008. As early as 1820, our Supreme Court held that the pre-payment of costs as a pre-condition of an appeal, was not unconstitutional, notwithstanding the fact that in certain cases this requirement may be so harsh as to deprive a poor man of his right of appeal. *McDonald v. Schell,* 6 Serg. & Rawle 239 (1820).

Petitioner contends that the bond requirement violates the mandatory right of appeal created by Article V, Section 9 in our present Constitution which provides that:

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

The issue of whether a statutory bond requirement can serve as a jurisdictional prerequisite to an appeal in an administrative proceeding in light of an Article V, Section 9 claim has yet to be decided by an appellate court.[7] In *Meta v. Yellow Cab Co. of Philadelphia,* 222 Pa. Superior Ct. 469, 294 A.2d 898 (1972), *overruled on other grounds, Black and Brown, Inc. v. Home for the Accepted, Inc.,* 233 Pa. Superior Ct. 518, 335 A.2d 722 (1975), the Superior Court recognized that although there was a constitutional right to ap-

---

[7] In *Commonwealth v. N. Barsky & Sons,* 476 Pa. 13, 381 A.2d 842 (1978), the Supreme Court held that a bond requirement of the Fiscal Code was not an explicit condition of the right to appeal a sales and use tax assessment. While an Article V, Section 9 claim was raised, the Court declined to address this issue.

peal under Article V, Section 9 from an arbitrator's award, that right was not absolute and could be subjected to reasonable conditions. The Court held that the prepayment of costs was a reasonable condition to a right of appeal.

In the instant case, the bond requirement is likewise a reasonable condition on Petitioner's right to appeal the assessment. While we are well satisfied that the architects of our new Constitution wanted to be very certain that every litigant had the right to an appeal to a court of record at some stage of his litigation, we do not believe that it necessarily follows that the legislature was thereby bound to permit all such appeals without reasonable restrictions which would assure that the courts were not burdened with frivolous appeals and that the public interest in certain appeals would be preserved. The objective of the SMCRA and the CSL is to promote the public interest by protecting our environment. The assessment of civil penalties is one way of achieving that objective. It is in the public interest that DER's efforts in enforcing the law should not be frustrated by appeals which, although constitutionally permitted, may be taken solely for the purpose of delay while the violations continue. The bond requirement ensures the underlying validity of appeals and serves to protect the public interest in a safe and clean environment.

We are also satisfied that DER's regulations have provided Petitioner with due process of law. Pursuant to 25 Pa. Code 86.201(b), DER "may upon its own motion, or shall upon written request of the person to whom the assessment was issued, arrange for a conference to review the assessment." The obvious purpose of this provision is to prevent an arbitrary or capricious action by DER. We are mindful that there are few significant differences between the review procedures of the SMCRA and CSL and the fed-

eral Surface Mining Control and Reclamation Act of 1977.[8] Since federal courts have consistently upheld the constitutionality of Section 518(c), 30 U.S.C. §1268 (c) which requires an escrow deposit or surety bond as a condition for an appeal,[9] we believe that the bond requirement in Section 18.4 of the SMCRA and Section 605 of the CSL is likewise constitutional.

Petitioner also contends that the bond requirement violates its unconditional right to administrative and judicial review, pursuant to Sections 504, 701 and 702 of the AAL. This contention is erroneous. The sections of the AAL which Petitioner cites pertain to a right to appeal from an adjudication by a Commonwealth agency. The Commonwealth agency at issue, the EHB, has yet to adjudicate this matter, therefore there is no final decision to appeal. Furthermore, Section 1921-A of the Administrative Code[10] provides that the EHB can initially take action without regard to the AAL and that no action is final until it is appealed to the EHB.[11]

A party challenging the constitutionality of a statutory provision has a heavy burden to overcome the presumption of its constitutionality. *In re: Nomination Certificate of Street,* 67 Pa. Commonwealth Ct. 441, 447 A.2d 1052 (1982). We conclude that Petitioner has not met that burden.

---

[8] 30 U.S.C. §§1201-1328 (1976 & Supp. V 1981). Specifically, under Section 525(a)(1), 30 U.S.C. §1275(a)(1), an operator can challenge a violation to an administrative law judge without prepayment.

[9] *B&M Coal Corp. v. Office of Surface Mining Reclamation and Enforcement,* 699 F.2d 381 (7th Cir. 1983); *John Walters Coal Co. v. Watt,* 553 F. Supp. 838 (E.D. Ky. 1982).

[10] Act of April 9, 1929, P.L. 177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21.

[11] *See Commonwealth v. Coward,* 489 Pa. 327, 332, 414 A.2d 91, 94 (1980).

Summary judgment may be granted when there is no dispute as to any material issue of fact and, as a matter of law, the moving party is entitled to judgment.[12] Since there are no material facts in dispute, we hold as a matter of law that Respondents are entitled to summary judgment.

### ORDER

It is ordered that Respondents' motion for summary judgment is granted and Petitioner's motion for summary judgment is denied.

---

[12] Pa. R.C.P. No. 1035; *see Concerned Citizens of Greater West Chester v. Larson,* 48 Pa. Commonwealth Ct. 241, 244, 409 A.2d 511, 513 (1980).