Ernest Renda Contracting Co., Inc., Petitioner *v.*
Commonwealth of Pennsylvania, Respondent.

Ernest Renda Construction Co., Inc., Petitioner *v.*
Commonwealth of Pennsylvania, Respondent.

Heard August 14, 1985, before Judge MacPhail.

*Keith A. Hunter,* for petitioner.

*Robert P. Coyne,* Deputy Attorney General, with him, *James L. Nelligna,* Deputy Secretary of Revenue for Taxation, for respondent.

OPINION BY JUDGE MACPHAIL, August 29, 1985:

Ernest Renda Contracting Co., Inc. (Petitioner) has appealed from orders of the Board of Finance and Revenue (Board) upholding assessments made against it by the Department of Revenue (Department). An evidentiary hearing has been held by this Court with respect to those appeals, but no decision has been reached on the merits thereof. The Department meanwhile has taken steps to execute upon liens it has entered against Petitioner with respect to the assessments now on appeal.

Petitioner has filed an application with this Court requesting that we enjoin the Department from proceeding with execution on the liens, that we reduce the bond amount required by Pa. R.A.P. 1782 and that we permit Petitioner to substitute a letter of credit for the bond required by the Rule.[1] We entered an order fixing a time for hearing on this application. The only evidence presented at the hearing held pursuant to the order was the Department's settlement computation with respect to Petitioner's tax returns. Although Petitioner argued that his client was unable to file a bond, we have no evidence in support of that allegation nor do we have any evidence which would enable us to consider reducing the amount of the bond under the

---

[1] Notwithstanding the title on Petitioner's application the prayer for relief requests a stay of execution proceedings.

provisions of the Rule or to accept a letter of credit in lieu of a bond.

We are thus limited in our consideration of the present application to the issue of whether Pa. R.A.P. 1782 is unconstitutional. Petitioner contends that the Rule violates its due process rights and Article V, Section 9 of the Constitution of Pennsylvania.

Article V, Section 9 of the Constitution of Pennsylvania provides that there shall be a right of appeal (1) from a court not of record to a court of record; (2) from an administrative agency to a court of record or an appellate court; and (3) from a court to an appellate court. Petitioner argues that this is an absolute right which may not be encumbered by the requirement of a bond. While we might agree with Petitioner that as a general rule[2] the contention is correct, we must respectfully point out that the bond required by Pa. R.A.P. 1782 does not, indeed *has not,* prevented Petitioner from perfecting its appeal. That appeal, as we have noted, is on-going.

What is now at issue is whether or not the Commonwealth can proceed to execution on a lien where Petitioner has failed to file a bond. This is a very different matter. Indeed, in the very case cited by Petitioner in support of its argument, *Commonwealth v. N. Barsky & Sons,* 476 Pa. 13, 381 A.2d 842 (1978), our Supreme Court stated that "[t]he Commonwealth should not be required to delay collection on its lien

---

[2] In *Boyle Land and Fuel Co. v. Environmental Hearing Board,* 82 Pa. Commonwealth Ct. 452, 475 A.2d 928 (1984), *aff'd,* 507 Pa. 135, 488 A.2d 1109 (1985), this Court held that a bond required by Section 18.4 of the Surface Mining Conservation and Reclamation Act, Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §1396-.22 and Section 605 of the Clean Streams Act, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.605 as a condition to a right of appeal of an assessment of a civil penalty is non-violative of Article V, Section 9.

while appeal is pending unless the taxpayer puts up security in the form of a bond." 476 Pa. 17, 381 A.2d 843. Thus, although the Supreme Court held that the appellant in the case before it could proceed with its *appeal* upon the filing of a nominal bond, that bond would *not* stay execution of the Commonwealth's lien. We hold that Pa. R.A.P. 1782 is not constitutionally defective under Article V, Section 9 of the Constitution of Pennsylvania.

As best as we can understand Petitioner's due process argument, it is that the Rule permits the Commonwealth to take Petitioner's property wihout a hearing in a court of law as opposed to a "mere administrative hearing". We know of no case law and none has been cited which would hold that litigants must have a hearing in a court of law in order to satisfy their due process rights. Rather, we believe the law to be that one who has been afforded an administrative hearing has been accorded due process. In the instant case, Petitioner has had administrative hearings and has filed his appeal unencumbered by any bond requirement.

Moreover, the Supreme Court of the United States and our own Supreme Court have held that where an important governmental interest such as collecting revenues exists, private property rights must yield to governmental need and where there is opportunity provided in such cases for the ultimate judicial determination of liability, there has been no denial of due process. *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589 (1931) and *Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 399 A.2d 374 (1979).

Inasmuch as Petitioner has not complied with Pa. R.A.P. 1782 and has presented no evidence which would warrant our granting alternative relief, there is no lawful reason why we should not permit the Commonwealth to proceed with execution on the tax liens it has filed against the Petitioner.

## ORDER

The application of Ernest Renda Contracting Co., Inc. for relief filed June 19, 1985 is denied.