561 A.2d 1317

**TWELVE VEIN COAL COMPANY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 2, 1988.

Decided July 21, 1989.

Eugene E. Dice, Harrisburg, for petitioner.

Mary Martha Truschel, Asst. Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, COLINS, PALLADINO and SMITH, JJ.

DOYLE, Judge.

Before us for consideration is a petition for review of an order of the Environmental Hearing Board (EHB) filed by Twelve Vein Coal Company (Coal Company). In that order, EHB granted the motion of the Department of Environmental Resources (DER) to dismiss the Coal Company's appeal of a civil penalty assessed by DER against the Coal Company.

On May 21, 1987, DER assessed a three thousand dollar ($3,000.00) civil penalty against the Coal Company for mining without a permit pursuant to Section 18.4 of the Pennsylvania Surface Mining Conservation and Reclamation

Act[1] (SMCRA), 52 P.S. § 1396.22, and Section 605 of the Pennsylvania Clean Streams Law,[2] (CSL) 35 P.S. § 691.605. Both of these provisions provide for a right of appeal to EHB from DER's penalty assessment. In order to perfect an appeal pursuant to these sections, however, the party appealing must either forward the amount of the penalty to EHB for placement in an escrow account or post an appeal bond in the amount of the penalty. If it is determined, through administrative or judicial review of the civil penalty assessed, that no violation occurred or the penalty is reduced, DER is required to return the appropriate amount of money to the appellant with accumulated interest. The assessment document received by the Coal Company herein included instructions for filing and perfecting an appeal.

On June 22, 1987, the Coal Company filed an appeal from the civil penalty assessment with EHB. However, the Coal Company failed to perfect its appeal by either forwarding the amount of the penalty or posting an appeal bond in that amount.[3] Thereupon, DER filed a motion to dismiss the

1. Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §§ 1396.1–1396.-31. Section 18.4 was added by Section 13 of the Act of October 10, 1980, P.L. 835.

2. Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §§ 691.1–691.-1001.

3. Section 18.4 of the SMCRA, 52 P.S. § 1396.22, states in pertinent part:

    The person or municipality charged with the penalty shall then have thirty (30) days to pay the proposed penalty in full or, if the person or municipality wishes to contest either the amount of the penalty or the fact of the violation, forward the proposed amount to the secretary for placement in an escrow account with the State Treasurer or any Pennsylvania bank, or post an appeal bond in the amount of the proposed penalty, such bond shall be executed by a surety licensed to do business in the Commonwealth and be satisfactory to the department.

    Section 605(b)(1) of the CSL, 35 P.S. § 691.605(b)(1), states in pertinent part:

    The person or municipality charged with the violation shall then have thirty days to pay the proposed penalty in full, or if the person or municipality wishes to contest either the amount or the fact of the violation, to forward the proposed amount to the department for placement in an escrow account with the State Treasurer or any Pennsylvania bank, or post an appeal bond in the amount of the proposed penalty, such bond shall be executed by a surety licensed

Coal Company's appeal to EHB on the ground that its failure to perfect the appeal deprived EHB of jurisdiction. EHB granted the motion to dismiss by order dated March 15, 1988. This petition for review followed.

The Coal Company is a small anthracite deep mine coal operator. It alleges in its petition for review that it was unable to comply with the statutory appeal procedure requiring that it post an appeal bond or prepay the amount of the civil penalty because of its poor financial condition. Due to this alleged inability to comply with the appeal procedure, the Coal Company was unable to perfect its appeal, which resulted in the dismissal of the appeal by EHB. The Coal Company therefore asserts that it has no legal remedy to attack the penalty assessment and that it has been unlawfully deprived of its constitutional due process opportunity to be heard.

The Coal Company presents two issues for our review, asserting first, that the prepayment requirements of Section 18.4 of the SMCRA and Section 605 of the CSL violate article V, Section 9, and article I, Section 11 of the Pennsylvania Constitution, and the Fifth and Fourteenth amendments to the United States Constitution; and second, that the statutory review process for civil penalty assessments before EHB violates the Seventh amendment to the United States Constitution because it fails to provide for a determination by a jury of liability for a civil penalty.

We have previously had occasion to address a similar petition in *Boyle Land and Fuel Company v. Environmental Hearing Board*, 82 Pa.Cmwlth. 452, 475 A.2d 928 (1984). In that case, Boyle attacked the prepayment requirement on the grounds that it violated the unfettered right of appeal under article V, Section 9 of the Pennsylvania Constitution, and that it violated due process rights under article, I, Section 11 of the Pennsylvania Constitution and the Fifth and Fourteenth amendments to the United States Constitution.

to do business in the Commonwealth and be satisfactory to the department, and thereafter to file an appeal to the Environmental Hearing Board within the same thirty day period.

The *Boyle* court held that the prepayment requirement was a reasonable condition on Boyle's right to appeal, and that DER's regulations provided due process of law.[4] Further, we concluded that because there are few significant differences between the review procedures of the SMCRA and the CSL on the one hand, and the Federal Surface Mining Control and Reclamation Act of 1977 (Federal Act), 30 U.S.C. §§ 1201–1328 on the other, Section 18.4 of the SMCRA and Section 605 of the CSL were constitutional.[5]

However, in *Boyle,* unlike the instant case, we noted that "[Boyle] and DER previously stipulated that [Boyle] had the

4. Pursuant to 25 Pa.Code 86.201(b), DER "may upon its own motion, or shall upon written request of the person to whom the assessment was issued, arrange for a conference to review the assessment." However, subsection (e) provides that "[t]he time for appeal from any assessment shall not be stayed by the request for or convening of an assessment conference." At any rate, we note that in this case, the record is nonexistent and we are unable to ascertain whether or not the Coal Company was afforded such a conference.

5. As we noted in *Boyle,* federal courts have consistently upheld the constitutionality of Section 518(c) of Federal Act, 30 U.S.C. § 1268(c), which requires an escrow deposit as a condition for an appeal. The constitutionality of these provisions was an issue in both *Hodel v. Virginia Surface Mining & Reclamation Assoc., Inc.,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981), and *Hodel v. Indiana,* 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981). However, because both of these cases involved preenforcement challenges to the Federal Act and there was no allegation that any of the mine operators had civil penalties assessed against them or were harmed by the statutory provisions for the assessment and collection of fines, the Supreme Court concluded that the constitutional challenge was premature.

There have been, however, several decisions at the district and appeals court level that have addressed this issue, including those relied upon by this Court in *Boyle,* viz. *B & M Coal Corp. v. Office of Surface Mining Reclamation and Enforcement,* 699 F.2d 381 (7th Cir.1983), and *John Walters Coal Co. v. Watt,* 553 F.Supp. 838 (E.D.Ky. 1982). These cases, as do the majority of cases that address this issue, differ from the case at bar in one important aspect: there is no allegation that the coal companies therein could not afford to prepay the proposed penalty assessment. However, the Third Circuit, in *Graham v. Office of Surface Mining Reclamation and Enforcement,* 722 F.2d 1106 (3rd Cir.1983), addressed just such an issue. The court found that although the functional result of the prepayment requirement may be to foreclose Graham from access to court review, such a result was not constitutionally impermissible because the right sought to be vindicated on appeal was merely pecuniary, and because Graham had access to alternative (administrative) remedies to the judicial remedy not conditioned on the payment of fees. As such, we believe

financial capacity to post the security to perfect its appeal from DER's civil penalty." 82 Pa.Cmwlth. at 455 n. 6, 475 A.2d at 929 n. 6. As such, for this reason and for the reason stated in note 4 *supra,* we believe the instant case to be distinguishable from *Boyle.*[6]

Article V, Section 9 of the Pennsylvania Constitution provides as follows:

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

Further, article 1, section 11 provides that:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

We are not, in this case, faced with the situation where one who *can* afford to prepay the assessment or post a bond is before this Court to complain about the temporary deprivation of funds. We have, instead, a more serious

the Coal Company's federal constitutional claims to be of doubtful validity. We hasten to add, however, that to date we have not reached a similar conclusion regarding the Coal Company's Pennsylvania constitutional arguments.

6. EHB has also found this factual scenario to be distinguishable from *Boyle.* In *Ray Martin v Department of Environmental Resources,* 1984 EHB 821, EHB felt that Martin's alleged inability to prepay the penalty assessment, a fact acknowledged by EHB to be worthy of note by this Court, might serve to distinguish *Boyle* from Martin's appeal. EHB thus issued an order which provided Martin with an opportunity for oral argument on the issue of whether, under *Boyle,* EHB was required to dismiss Martin's appeal where Martin had not prepaid the assessment as required to perfect his appeal, but where Martin alleged that he was financially unable to make the required payment. However, unfortunately Martin failed to avail himself of this opportunity and EHB dismissed his appeal.

issue; a petitioner who, because of alleged impecunity, may be denied access to our courts and due process of law. There is ample reason, therefore, to tread carefully in this case. *See e.g. Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (requiring courts to strike a balance between private and government interests).

However, we are unable to assess the Coal Company's claims at this juncture because the record is nonexistent with respect to its alleged inability to comply with the statutory appeal procedure by filing an appeal bond or prepaying the amount of the civil penalty assessment. EHB merely dismissed the Coal Company's appeal for lack of jurisdiction without any finding, as a matter of fact, that it was or was not financially able to comply with the appeal procedure. Accordingly, we are compelled to remand this matter back to EHB for a hearing in the nature of that contemplated by EHB in *Ray Martin*.

## ORDER

NOW, July 21, 1989, the order of the Environmental Hearing Board in the above-captioned matter is vacated, and this matter is remanded back to that Board for proceedings consistent with this opinion.

Jurisdiction relinquished.