**Stanley T. PILAWA and Disposal, Inc., Petitioners,**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 10, 1997.

Decided July 15, 1997.

Michael W. Mogil, Hilton Head Island, for petitioner.

Patience Robinson Nelson, Pittsburgh, for respondent.

Before DOYLE and McGINLEY, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Stanley T. Pilawa and Disposal, Inc. (collectively, Pilawa) appeal an order of the Environmental Hearing Board (EHB), which granted the Department of Environmental Protection's (DEP) motion to dismiss Pilawa's appeal of a DEP order assessing a $21,400 civil penalty.

On September 22, 1995, DEP's emergency response team responded to an environmental emergency caused by gasoline flowing out of a fill pipe connected to an underground storage tank located on property (the site) in Mountaindale, Pennsylvania. Pilawa, who is in the business of brokering disposal of wastes, made arrangements with the owners of the site to remove the storage tanks from the site, and hired three persons to assist in that work. Neither Pilawa nor the three assistants were certified by DEP to perform tank handling activities.[1]

DEP inspected the site and determined that Pilawa removed three storage tanks which caused a release of kerosene into the soil. The DEP inspector also observed a person attempting to cut into a storage tank using a chisel, without first determining whether the tank contained explosive vapors. When the inspector asked the identity of the certified tank installer, he was informed that no such person was on the site; the inspector suspended further work until a certified installer was on the site. The inspector also observed the excavation of contaminated soils from a tank pit, and noticed a soil pile on the site that smelled of petroleum.

DEP determined that Pilawa committed violations of the Storage Tank and Spill Prevention Act (Storage Tank Act), Act of July 6, 1989, P.L. 169, *as amended*, 35 P.S. §§ 6021.101–.2105, when (1) Pilawa removed storage tanks without holding a current tank installer certificate, (2) employed uncertified personnel to remove tanks, (3) allowed a release of kerosene into the soil at the site, and (4) improperly stored contaminated soils. On April 19, 1996, DEP issued an order assessing a civil penalty for the above violations of $21,400 and demanded payment within 30 days.

On May 17, 1996, Pilawa filed an appeal with the EHB challenging the civil penalty order. On June 4, 1996, DEP filed a motion to dismiss Pilawa's appeal, asserting that Pilawa failed to either prepay the penalty or post an appeal bond as required by Section 1307(b) of the Storage Tank Act, which provides in pertinent part:

The person charged with the penalty shall then have 30 days to pay the proposed penalty in full or, if the person wishes to contest the amount of the penalty or the fact of the violation, forward the proposed amount of the penalty to the department within the 30–day period ... or post an appeal bond to the department within 30 days in the amount of the proposed penalty.... Failure to forward the money or the appeal bond shall result in a waiver of all legal rights to contest the violation or the amount of the penalty.

35 P.S. § 6021.1307(b). On June 25, 1996, Pilawa filed a memorandum in response to DEP's motion to dismiss, asserting, for the first time, that it was unable to prepay the penalty or file a bond because it lacked the economic resources to meet those requirements.

The EHB granted DEP's motion to dismiss, holding that, because Pilawa failed to allege in writing that it was unable to prepay the penalty within the 30–day appeal period, the EHB did not have jurisdiction over this matter. The EHB's reasoning focused on the requirement in Section 1307 of the Storage Tank Act that an appellant must either prepay a penalty or post security within the 30–day appeal period to invoke the EHB's jurisdiction. The EHB did not hold a hearing and it made no findings of fact on Pilawa's ability to comply with the appeal requirements in the Storage Tank Act. This appeal followed.

On appeal, Pilawa contends that the EHB erred in determining that its appeal must be dismissed for failing to allege that it was financially unable to pay the penalty or post a bond within the 30–day appeal period. Pilawa asserts that the EHB's order contradicts our decision in *Twelve Vein Coal Co. v. Department of Environmental Resources*, 127 Pa.Cmwlth. 430, 561 A.2d 1317 (1989), *petition for allowance of appeal denied*, 525 Pa. 629, 578 A.2d 416 (1990), and that the EHB's requirement that financial incapacity be asserted within the appeal period is not found in any statute or rule.

---

1. Persons and companies that remove or install underground storage tanks must be certified by DEP in accordance with the regulations found a 25 Pa.Code §§ 245.101–.141.

In *Twelve Vein Coal Co.*, a coal mining company filed an appeal of a civil penalty assessment with the EHB. The coal company, however, failed to either prepay the penalty or post an appeal bond, as required by the relevant environmental statutes. The Department of Environmental Resources, the agency which formerly performed the role of DEP, filed a motion to dismiss the appeal for lack of jurisdiction, which the EHB granted. The coal company, thereafter, filed a petition for review with this Court contending that it could not comply with the requirements that it prepay the penalty or post a bond because of its poor financial condition, and was thereby deprived of any legal remedy to challenge the penalty. After reviewing the record, we concluded that the matter had to be remanded to the EHB for a hearing on the coal company's financial ability to comply with the appeal procedure. We reasoned as follows:

> We are not, in this case, faced with the situation where one who *can* afford to prepay the assessment or post a bond is before this Court to complain about the temporary deprivation of funds. We have, instead, a more serious issue; a petitioner who, because of alleged impecunity, may be denied access to our courts and due process of law. There is ample reason, therefore, to tread carefully in this case. *See, e.g., Mathews v. Eldridge,* 424 U.S. 319 [96 S.Ct. 893, 47 L.Ed.2d 18] (1976) (requiring courts to strike a balance between private and government interests).
>
> However, we are unable to assess the Coal Company's claims at this juncture because the record is nonexistent with respect to its alleged inability to comply with the statutory appeal procedure by filing an appeal bond or prepaying the amount of the civil penalty assessment. EHB merely dismissed the Coal Company's appeal for lack of jurisdiction without any finding ... that it was or was not financially able to comply with the appeal procedure. Ac-

cordingly, we are compelled to remand this matter back to EHB for a hearing in the nature of that contemplated by EHB in *Ray Martin.*[2]

*Twelve Vein Coal Co.,* 561 A.2d at 1319 (emphasis in the original) (citation omitted).

In the present case, the EHB concluded that *Twelve Vein Coal Co.* did not apply, because Pilawa did not allege in writing within the 30 day appeal period that it could not afford to comply with the appeal prepayment requirements. Hence, as Pilawa's claims of financial hardship was made after the appeal period had expired and were therefore untimely, no *Twelve Vein Coal Co.* hearing on Pilawa's financial condition was necessary. We disagree with this reasoning.

Our decision in *Twelve Vein* clearly holds that when a party alleges that it is not able to comply with the prepayment or bond requirements for perfecting an appeal to the EHB, the proper procedure is for the EHB to hold a hearing to determine whether the party is, in fact, impecunious and unable to comply with the prepayment condition. While the issue of the timeliness of an appellant's claim of financial hardship was not discussed in *Twelve Vein Coal Co.*, we do not believe that Pilawa's failure to raise its financial condition as a separate issue during the appeal period mandates a different result here.

*The EHB's rules of practice and procedure, 25 Pa.Code §§ 1021.1-.151, do not require an appellant to raise the issue of financial inability to comply with prepayment or bond requirements during the appeal period.* The form and content of a written notice of appeal is controlled by 25 Pa.Code § 1021.51, which requires an appellant to, *inter alia,* raise legal and factual objections to DEP's actions in the notice of appeal, but does not mandate that, where security is required, the appellant allege economic ina-

---

**2.** *Ray Martin v. Department of Environmental Resources,* 1984 E.H.B. 821. In *Ray Martin,* an appellant filed an appeal without filing an appeal bond or prepaying the civil penalty; the appeal was accompanied by a letter explaining that the appellant was unable to pay or post a bond. The EHB, thereafter, *in response to a motion to dis-*

miss the appeal, scheduled oral argument on the question of whether the appeal should be dismissed in light of the alleged inability to pay or post a bond. The appeal, however, was later dismissed because the appellant did not respond to the EHB's attempt to schedule the argument.

bility to pay or post a bond.[3] The regulation does not require a notice of appeal to include documentation proving payment or the execution of a bond. Moreover, Pilawa's payment or appeal bond, according to Section 1307 of the Storage Tank Act and the civil penalty order issued in this matter, **was to be forwarded to DEP**, and not to the EHB, within the 30-day appeal period. (Assessment of Civil Penalty at 7.) Hence, even though Section 1307 of the Storage Tank Act conditions an appeal on making payment of a penalty or executing a bond, such transactions are conducted outside of the EHB's notice of appeal process.

In addition, DEP's motion to dismiss, in our view, is similar to a rule to show cause why Pilawa's appeal should not be dismissed. A rule to show cause directs an adverse party to explain why certain action should not be taken, and on the day the rule is returnable, the adverse party has the opportunity to present a defense to the rule at a hearing. *Petition of Tax Claim Bureau of Westmoreland County*, 149 Pa.Cmwlth. 532, 613 A.2d 634, *petition for allowance of appeal denied*, 533 Pa. 615, 618 A.2d 404 (1992). Thus, a rule to show cause operates prospectively, allowing the adverse party to raise issues after the rule is entered. Here, DEP's motion to dismiss Pilawa's appeal raised a question of fact as to whether Pilawa forwarded DEP payment or a bond,[4] and Pilawa responded by asserting that it was impecunious and could not pay. We believe that, as in the procedure used to resolve a rule to show cause, Pilawa should have been provided with an opportunity, after DEP filed its motion, for a hearing to explain why it could not comply with the financial requirements for an appeal.

Therefore, in light of all of the above, we hold that the EHB abused its discretion in dismissing Pilawa's appeal without first holding a hearing as explained in *Twelve Vein Coal Co.* Accordingly, the order of the EHB is reversed and this case is remanded for a hearing consistent with this opinion.

### ORDER

**NOW,** July 15, 1997, the order of the Environmental Hearing Board in the above-captioned matter is hereby reversed. This case is remanded for a hearing consistent with this opinion and our holding in *Twelve Vein Coal Co. v. Department of Environmental Resources*, 127 Pa.Cmwlth. 430, 561 A.2d 1317 (1989).

Jurisdiction relinquished.

---

**3.** DEP argues that under our holding in *Pennsylvania Game Commission v. Department of Environmental Resources*, 97 Pa.Cmwlth. 78, 509 A.2d 877 (1986), *aff'd*, 521 Pa. 121, 555 A.2d 812 (1989), Pilawa must be deemed to have waived the issue of its financial inability to comply with the appeal requirements of the Storage Tank Act. We disagree. *Pennsylvania Game Commission*, consistent with 25 Pa.Code § 1021.51(e), requires an appellant to raise **objections to DEP's decision** in the notice of appeal, or else the issue is waived. However, the specific issue here is not a factual or legal challenge to DEP's civil penalty order, but, instead, involves the proce-

dural requirements of the appeal itself. Therefore, *Pennsylvania Game Commission* is not controlling.

**4.** DEP's motion included an averment that Pilawa failed to comply with the appeal requirements of Section 1307 of the Storage Tank Act by failing to forward it the penalty or an appeal bond, and DEP's supporting memorandum included an affidavit of a DEP compliance officer affirming that he received no payment or bond from Pilawa.