532 A.2d 413

**ERNEST RENDA CONTRACTING COMPANY, INC. and Ernest Renda Construction Company, Inc., Appellants,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Argued May 13, 1987.

Decided Oct. 15, 1987.

See also, 516 Pa. 325, 532 A.2d 416.

Michael P. Meehan, Philadelphia, for appellants.

Robert P. Coyne, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This matter is here on direct appeal from the order of Commonwealth Court denying the petition of appellants, Ernest Renda Contracting Co., Inc. and Ernest Renda Construction Co., Inc. (hereinafter referred to as "the corporations") to stay execution[1] pending appeal or reduce the amount of the bond required to secure a supersedeas during the pendency of an appeal of a Sales and Use Tax deficiency assessment.

1. Although the application was entitled "Application for an Order Granting Injunction against Writ of Execution on a Lien during Pendency of an Appeal, for a Reduction of the Bond Amount, and for Substitution of the Bond by a Letter of Credit," the court below treated it as a request for a stay.

The pertinent facts are as follows.[2] The department of revenue assessed against the corporations tax deficiencies plus penalties, for three separate periods ranging from March 31, 1971 through December 31, 1980, in the amount of approximately $356,000.00.[3] Upon the corporations' petition for reassessment, the department's Board of Appeals reduced one assessment by $84.55, abated one penalty and otherwise affirmed. Upon further review, the Board of Finance and Revenue affirmed.[4] The corporations then appealed to Commonwealth Court.

After an evidentiary hearing regarding the corporations' tax liability was conducted, and during the pendency of the decision on the merits, the Commonwealth secured a writ of execution and attempted to execute on its lien for unpaid taxes. The property subject to execution is a twenty-seven acre tract of land in Lehigh County. The corporations sought relief in Commonwealth Court, requesting a stay of execution, reduction of the bond amount prescribed by Pa.R.A.P. 1782 and substitution of a letter of credit for the Rule 1782 bond. In opposition, the Commonwealth asserted, without further elucidation, that delay in collection of the deficiency "may result in no assets or insufficient assets to satisfy the tax assessments, plus penalty and interest." A hearing on the petition was scheduled, however, no evidence was presented. Because the corporations neither complied with Pa.R.A.P. 1782 to secure an automatic stay of the execution sale, nor presented evidence warranting the grant of other relief, the court below denied the stay, 92 Pa.Cmwlth. 427, 499 A.2d 406. Thus, for our review is the propriety of that denial.

2. A more detailed exposition of the underlying facts appears in the opinion of the Commonwealth Court on appeal from the determination of the Board of Finance and Revenue at 94 Commonwealth Ct. 608, 504 A.2d 1349 (1986).

3. As of April, 1985, when the evidentiary hearing was conducted in Commonwealth Court, the interest due on this balance amounted to more than $244,000.00.

4. The procedure for review of tax assessments is set forth at 72 P.S. §§ 7232 through 7235 (Supp.1987).

In the words of Mr. Justice, now Mr. Chief Justice, Nix, speaking for the majority of this Court, "When an individual is deprived of property by governmental action, he must be afforded at some point in the proceeding an opportunity to be heard." *Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 447, 399 A.2d 374, 377 (1979). This principle takes on special significance when the property involved is realty. Realty has long been considered unique, for, unlike cash or other types of liquid assets, realty, if improperly disposed of at a tax sale, may be forever lost. Thus, faced with the loss of real property which the corporations used in their business to store and repair equipment, they sought a stay of execution in Commonwealth Court.

The corporations did not seek a stay according to the prescriptions of *PA. Public Utility Commission v. Process Gas Consumers Group,* 502 Pa. 545, 467 A.2d 805 (1983). *Process Gas* requires that a party seeking a stay of an order of a governmental unit make a strong showing (1) that he is likely to prevail on the merits; (2) that without the requested relief he will suffer irreparable injury; (3) that issuance of the stay will not substantially harm other interested parties in the proceedings; and (4) that issuance of the stay will not adversely affect the public interest. These requirements were not met. For instance, as for the first requirement, the corporations averred simply that, in the opinion of their legal counsel, they would prevail on the merits of their tax deficiency assessment case. Such hardly amounts to a *strong showing of the likelihood of success.* Neither did the corporations comply with the third and fourth requirements enumerated above. When afforded the opportunity for a hearing on their petition, the corporations presented no evidence.[5]

---

**5.** Grant of a stay under *Process Gas,* supra, would bring into play Pa.R.A.P. 1781, which provides in relevant part as follows:

(c) Notice and action by court. Upon such notice to the government unit as is required by Rule 123 (applications for relief) the appellate court, or a judge thereof, may grant an order of stay or supersedeas, including the grant of an injunction pending review or relief in the nature of peremptory mandamus, upon such terms and conditions, including the filing of security, as the court or the judge

The corporations' request for a stay was, in essence, a request for an *automatic* stay under Pa.R.A.P. 1782 with relaxation of the requirement to post security in the amount therein prescribed.

Pa.R.A.P. 1782 provides in relevant part:

Rule 1782. Security on Review in Tax Matters

(a) General rule. A petition for review of an order of the Board of Finance and Revenue in a tax matter shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the Prothonotary of the Commonwealth Court of appropriate security in the amount of 120% of the amount of taxes and penalty found due by the Board and remaining unpaid.

In support of their request, the corporations asserted merely that they were unable to obtain a bond as prescribed by the Rule. They produced no evidence showing the extent to which the realty provided "appropriate security," or that the Commonwealth's interests were adequately protected otherwise than by either immediate execution or posting of security in the amount prescribed in Rule 1782. The corporations were denied an automatic stay for failing to either comply with Rule 1782 or demonstrate why such was not necessary.

█ Now the corporations attack Pa.R.A.P. 1782 as violative of the Fifth and Fourteenth Amendments to the Constitution of the United States and violative of the right to appeal guaranteed by PA. CONSTITUTION Art. V, Section 9. In view of their failure to avail themselves of available procedures to secure a stay otherwise than by an automatic stay under Pa.R.A.P. 1782, or to present evidence under that Rule, we will not entertain arguments that the bond provision of Rule 1782 deprived them either of property

thereof may prescribe. Where a statute requires that security be filed as a condition to obtaining a supersedeas, the court shall require adequate security.

without due process of law or meaningful appellate review of the tax deficiency assessment on the merits.

The order of the Commonwealth Court is affirmed.

HUTCHINSON, J., concurs in the result.