614 A.2d 199

DEPARTMENT OF ENVIRONMENTAL
RESOURCES, Petitioner–Appellee,

v.

The Honorable Robert JUBELIRER, President Pro Tempore
of the Senate, et al., Respondents–Appellants.

Supreme Court of Pennsylvania.

Dec. 27, 1989.

Linda J. Shorey, John P. Krill, R. Timothy Weston, Harrisburg, for Robert Jubelirer, D. Michael Fisher and The Senate of Pa., for appellants.

James L. Walsh, Vincent C. DeLiberato, Robert W. Zech, Jr., Harrisburg, for Gary R. Hoffman, John Hartman and Legislative Reference Bureau.

William Titelman, Pittsburgh, amicus, for House of Representatives.

Ernest D. Preate, Jr., Atty. Gen., for Comm. of Pa. at No. 65.

S. David Fineman, Norman S. Berson, Harold K. Cohen, Philadelphia, W.C. Matthews, III, Coatesville, for Independent Regulatory Review Comm'n at No. 65.

Henry G. Barr, Harrisburg, for Amicus—Pa. Chamber of Business & Industry at No. 65.

Douglas Y. Christian, Judith L. Rosenthal, Stanley L. Arabis, Philadelphia, for Amicus—Sun Co., Inc. at No. 65.

Keith Welks, Chief Counsel, Richard P. Mather, Asst. Counsel, Richard D. Spiegelman, Carl H. Shuman, Harrisburg, for Dept. of Env. Resources at Nos. 65 & 66.

Thomas W. Scott, Harrisburg, for Pennsylvania State Education Ass'n.

Allen Warshaw, Harrisburg, Hospital Ass'n.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## MEMORANDUM OPINION

NIX, Chief Justice.

This matter concerns the application by respondents-appellants to reinstate the automatic supersedeas claimed under Pa.R.A.P. 1736(a)(1) and (b) and vacated by the Commonwealth Court. The pertinent facts are as follows.

Petitioner-appellee, the Department of Environmental Resources ("DER"), adopted regulations promulgated by the

Environmental Quality Board ("EQB") which mandate a reduction of the Reid Vapor Pressure ("RVP") of gasoline sold in the Commonwealth. The regulations are more stringent than federal requirements. The Independent Regulatory Review Commission ("IRRC"), acting pursuant to the Regulatory Review Act, 71 P.S. § 745.1, *et seq.*, disapproved the regulations and issued an order barring final publication. Subsequently, at the request of the Governor, the General Assembly considered the regulations. After a public hearing by the Environmental Resources and Energy Committee of the Senate and a report by its Chairman, the Senate adopted a resolution declining to approve the regulations.

The DER then filed a petition for review in Commonwealth Court seeking declaratory and mandatory injunctive relief against the respondents-appellants. The DER sought a declaration that the Regulatory Review Act was unconstitutional under the separation of powers doctrine. The Commonwealth Court granted summary judgment in favor of DER, holding that sections 6(b) and 7(b) of the Act violated the separation of powers doctrine of the Pennsylvania Constitution and directed publication of the regulations. *Commonwealth of Pennsylvania, Department of Environmental Resources v. The Honorable Robert Jubelirer, President Pro Tempore of the Senate, et al.,* 130 Pa.Cmwlth. 124, 567 A.2d 741, 749 (1989). Respondents-appellants filed notice of appeal to this Court on December 13, 1989, and asserted an automatic supersedeas pursuant to Pa.R.A.P. 1736(a)(1) & (b). That same day, December 13, 1989, the DER immediately applied to vacate the automatic supersedeas; that application was granted by the Commonwealth Court on December 14, 1989. Extraordinary measures [1] were taken to include publication in the December 16, 1989, issue of the Pennsylvania Bulletin in spite of the pendency of the appeal. Respondents-appellants then filed the

1. The Legislative Reference Bureau was *ex parte* orally directed by Judge Crumlish to remove sacks from the Post Office truck containing 13,000 copies of the Pennsylvania Bulletin, to unsack the copies, to print the DER document, to bind same to the end of the December 16, 1989, issue of the Bulletin, and to prepare a new mailing by Monday, December 18.

application to reinstate the automatic supersedeas now being considered.

On December 16, 1989, we entered an order staying the Commonwealth Court's lift of the automatic supersedeas. Oral argument was heard on December 20, 1989, and we extended the December 16th stay until decision on the application for reinstatement was rendered.

The issue before us is whether the Commonwealth Court properly vacated the automatic supersedeas asserted by respondents-appellants. Pa.R.A.P. 1736(a)(1) and (b) [2] provide an automatic supersedeas by operation of law to certain designated appellants. The first such designated appellant is "[t]he Commonwealth or any officer thereof, acting in his official capacity."

Preliminarily we address the applicability of an automatic supersedeas, Pa.R.A.P. 1736(a)(1) and (b), to respondents-appellants. Respondents-appellants are the Senate of the Commonwealth of Pennsylvania and its President Pro Tempore, Robert Jubelirer; the Chairman of the Senate Environmental Resources and Energy Committee, D. Michael Fisher; the Director of the *Pennsylvania Code* and the *Pennsylvania Bulletin*, Gary R. Hoffman; the Legislative Reference Bureau and its Director, John Hartman; the Independent Regulatory Review Commission, its members and Executive Director: John R. McGinley, Jr., Chairman, with Irvin G. Zimmerman, Robert J. Harbison, III, Mark Schwartz, Thomas Comerford, all Commissioners and Frank J. Ertz, Executive Director.

Unquestionably the Senate of the Commonwealth, for purposes of Rule 1736(a)(1) and (b), is "the Commonwealth." The President Pro Tempore of the Senate is clearly an officer of

2. **RULE 1736. EXEMPTION FROM SECURITY**

  (a) **General Rule.** No security shall be required of:
    (1) The Commonwealth or any officer thereof, acting in his official capacity.

  \* \* \* \* \* \*

  (b) **Supersedeas Automatic.** Unless otherwise ordered pursuant to this chapter, the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party.

the Commonwealth within the meaning of the section. Thus we need not determine whether the other respondents-appellants come within the language of section 1736(a)(1) and (b), for since the Senate of Pennsylvania and its President Pro Tempore may invoke the automatic supersedeas provisions, the other respondents-appellants will, of necessity, not be separated from the Senate's status in the application of the section so that all respondents-appellants may be considered appropriate parties for the purpose of the section.

The automatic supersedeas asserted by respondents-appellants served to stay the order of the Commonwealth Court, dated December 7, 1989, granting petitioner-appellee's motion for summary judgment and directing the Legislative Reference Bureau to publish the final order adopting the subject regulations, pending respondents-appellants' appeal here.

The Commonwealth Court's opinion in support of its vacating the respondents-appellants' automatic supersedeas on December 14, 1989, stated:

This Chancellor is indeed aware of the important public interest in the outcome of this litigation. In balancing the *Process Gas* [*Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983) ] standards and assuming for the moment that all the other factors are equal, this Court perceives a greater harm in *not* lifting the automatic supersedeas. If the respondents do not prevail on the merits of their appeal, the mechanism for federal review and state implementation has continued to operate in the interim, and the public interest is served that much sooner. More importantly, the public interest in a cleaner environment will not have been impeded by any delay resulting from the automatic supersedeas.

On the other hand, should the Supreme Court overturn this Court's decision on appeal, a remedy exists. The published regulations can be rescinded or otherwise voided. As respondents' counsel forthrightly conceded, this is "a bell that can be unrung."

Slip Memorandum Opinion at 3 and 4.

In our view, this was not a proper basis for vacating respondents-appellants automatic supersedeas. The question of the criteria to be applied when vacating an automatic supersedeas was addressed in *Department of Public Welfare v. Court of Common Pleas of Philadelphia County,* 506 Pa. 410, 485 A.2d 755 (1984). In that case the Department of Public Welfare ("DPW") asserted an automatic supersedeas in connection with an appeal from an order denying preliminary objections, and defendants had the supersedeas vacated by the lower court. Subsequent orders reinforcing earlier orders of the common pleas were also appealed to the Commonwealth Court and an automatic supersedeas asserted. The lower court again vacated the automatic supersedeas. The DPW again appealed to the Commonwealth Court and requested, not a reinstatement of the automatic supersedeas as in this case, but a stay to be entered. The request for stay was denied, and an appeal of that ruling, together with an appeal from a denial of a Writ of Prohibition, was taken to this Court. This Court ruled that those who moved to vacate the supersedeas were effectively granted a stay.

Moreover, the Note to Rule 1736 of the Pa.R.A.P. clearly states:

## Note

This rule is self-executing, and a party entitled to its benefits is not required to bring the exemption to the attention of the court under Rule 1732 (application for stay or injunction pending appeal). However, *the appellee may apply under Rule 1732 for elimination or other modification of the automatic supersedeas....* (Emphasis added.)

Rule 1732(a) of the Pa.R.A.P.[3] provides for situations such as existed here in that efforts to modify (and/or eliminate) a

---

**3. RULE 1732. APPLICATION FOR STAY OR INJUNCTION PENDING APPEAL**

(A) **Application to Lower Court.** Application for a stay of an order of a lower court pending appeal, or for approval of or *modification of the terms of any supersedeas,* or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, must ordinarily be made in the first instance to the lower court, except where a prior

supersedeas are by way of an Application For Stay. Not only does our case law, but our Rules of Appellate Procedure make clear that an appellee wishing to vacate, eliminate or modify an automatic supersedeas must make application for a stay of that automatic supersedeas first to the lower court. This the petitioner-appellee did by filing with the Commonwealth Court an application to vacate the automatic supersedeas. Unquestionably, as the moving party, the petitioner-appellee (DER) had the burden, in the Commonwealth Court, of meeting the requirements for a stay.

The requirements for a stay emerged from this Court's adoption of holdings in several Commonwealth Court cases as impacted by the federal cases of *Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921 (D.C.Cir.1958), modified by *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C.Cir.1977). The petitioner must make a substantive case on the merits, demonstrating the stay will prevent petitioner from suffering irreparable injury, and establishing other parties will not be harmed and the grant of the stay is not against the public interest. Those standards were articulated in a series of decisions handed down by this Court. *Chartiers v. William H. Martin, Inc.*, 518 Pa. 181, 542 A.2d 985 (1988); *Ernest Renda Contracting Co. v. Commonwealth*, 516 Pa. 320, 532 A.2d 413 (1987); *Pennsylvania PUC v. Process Gas*, 502 Pa. 545, 467 A.2d 805 (1983).

Here, the DER fails to meet the standards on three counts. First, the DER has not made a substantial case since there is a serious standing problem. Standing requirements, first set forth in *Lansdowne Board of Adjustment's Appeal*, 313 Pa. 523, 170 A. 867 (1933), have been refined and reiterated in subsequent cases such as: *William Penn Parking Garage, Inc. v. Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) (plurality opinion) (one with a substantial interest must be injured by the action complained of and the causal connection between the action complained of and the injury to the person or

order under this chapter has been entered in the matter by the appellate court or a judge thereof. (Emphasis added.)

persons challenging must be immediate, not remote); *see also, Commonwealth, Pennsylvania Gaming Commission v. Commonwealth, DER,* 521 Pa. 121, 555 A.2d 812 (1989); *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988); *In re Family Style Restaurant, Inc.,* 503 Pa. 109, 468 A.2d 1088 (1983); *Snider v. Thornburgh,* 496 Pa. 159, 436 A.2d 593 (1981); *Independent State Stores Union v. Pennsylvania Liquor Control Board,* 495 Pa. 145, 432 A.2d 1375 (1981); *Application of Biester,* 487 Pa. 438, 409 A.2d 848 (1979).

The DER has no greater proprietary interest in the welfare of the citizens of this Commonwealth than the Senate or the IRRC, its regulatory review commission. The derivative standing concept raised by the decision in *Kennedy v. Sampson,* 511 F.2d 430 (D.C.Cir.1974), and relied upon by the Commonwealth Court when vacating the automatic supersedeas, is not here applicable. In *Kennedy,* Senator Edward Kennedy was seeking to represent the legislative branch of government. Here, DER is attempting to represent the interest of the people of this Commonwealth and in this respect has no greater standing than the other branches and agencies of government. The interest sought to be represented here is distinguishable from a legislative conferred interest as was present in *Commonwealth, Pennsylvania Gaming Commission v. Commonwealth, DER, supra.*

Second, DER did not show irreparable harm would result to the agency. The Commonwealth Court, on this issue, retreated from the requirements established for a stay, and by holding "this Court perceives a greater harm in *not* lifting the automatic supersedeas" (slip mem. op. at 3 Commonwealth Court 1989), improperly applied *one* of the five tests applicable when issuing a preliminary injunction: will greater injury result by refusing the preliminary injunction than by granting it. See, *Valley Forge Historical Society v. Washington Memorial Chapel,* 493 Pa. 491, 426 A.2d 1123 (1981); *Alabama Binder & Chemical Corp. v. Pennsylvania Industrial Chemical Corp.,* 410 Pa. 214, 189 A.2d 180 (1963). We must not blur the distinction between the standards required for the entry of a preliminary injunction, *see e.g., Valley Forge Historical*

*Society v. Washington Memorial Chapel, supra,* and the requirements necessary for the entry of a stay set forth, *supra* at pages 7 and 8.

Under the standards for the grant of a stay, the DER was required to show it was irreparably harmed by the automatic supersedeas in order for the Commonwealth Court to have properly vacated the automatic supersedeas. This it did not do. The deadline DER seeks so vigorously and aggressively to follow is self-imposed and not mandated by federal law. The DER may resubmit its regulations for federal review once publication occurs. We recognize the issue of damage to the environment by the presence of ozone, through gasoline emissions in the air we breathe, is a matter of grave public concern. However, the judgment of the DER here cannot be deemed the sole indication of the public interest when there are other agencies equally responsible for protecting this interest, that have differing views. For example, the Environmental Protection Agency ("EPA") adopted a gasoline volatility standard of 10.5 pounds per square inch ("psi") RVP for Pennsylvania, less stringent than the DER's proposed standard of 9.0 psi RVP. The mere rejection of the DER's more stringent standard for the 1990 summer ozone season cannot supply the irreparable harm.

Third, the DER also has not shown that substantial harm to other parties interested in the proceeding will not result from a grant of the stay. On the other hand, amicus, the Sun Company, has shown it will be considerably harmed if required to speed up its pipelining process to meet the DER's standards by the summer of 1990. We take judicial notice of the fact that other petroleum companies within the Commonwealth would be similarly affected. The DER has failed to consider these facts with any persuasive argument. Further, this Court was assured by both counsel for the Senate and counsel for amicus, the Sun Company, that objections to publication in 1990 for an effective date at the beginning of the 1991 summer ozone season would not be made, since the petroleum companies will have achieved the capabilities required to meet the standards.

Accordingly, the order of the Commonwealth Court lifting the automatic supersedeas of respondents-appellants is vacated. The automatic supersedeas asserted pursuant to Pa. R.A.P. 1736(a)(1) and (b) is reinstated pending disposition of the underlying appeal in this Court.

